**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eusebio JIMENEZ–TREJO,
Defendant–Appellant.**

**No. 11–41301
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 8, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Oscar A. Vela, Jr., Esq., Law Office of Oscar A. Vela, Jr., P.C., Laredo, TX, for Defendant–Appellant.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Eusebio Jimenez–Trejo has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Jimenez–Trejo has been released from custody and, according to counsel, has been deported. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivo-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

lous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Hector Manuel GARCIA–RIOS,
Defendant–Appellant.**

**No. 11–51000
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 8, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Gary A. Villarreal, Esq., San Antonio, TX, for Defendant–Appellant.

published and is not precedent except under

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Hector Manuel Garcia–Rios (Garcia) appeals his sentence following his guilty plea conviction for illegally reentering the United States after having been deported. Garcia argues that his sentence overstated the seriousness of his offense because it included a 16–level increase in his offense level under U.S.S.G. § 2L1.2 based on a conviction that was more than 15 years old. He also argues that the district court did not take into consideration his personal history, particularly the age of the prior conviction. Garcia has adequately preserved his reasonableness challenge for appellate review. *See United States v. Rodriguez,* 523 F.3d 519, 526 n. 1 (5th Cir.2008) (noting that where the appellant has presented the pertinent legal argument for a different sentence to the district court, the ordinary standard of review is applicable).

The "staleness" of a prior conviction used in the proper calculation of a Guidelines range does not render a sentence substantively unreasonable; nor does it destroy the presumption of reasonableness that attaches to such sentences. *United States v. Rodriguez,* 660 F.3d 231, 234 (5th Cir.2011). Moreover, the district court specifically noted that it had considered the age of the prior conviction in selecting a sentence at the bottom of the Sentencing Guidelines range. Garcia has not shown that his sentence was unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his sentence.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

*See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009).

AFFIRMED.

**Justin JAMES, Plaintiff–Appellee**

v.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under